**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

OAK HARBOR INVESTMENT
PROPERTIES, LLC

CIVIL ACTION

versus

20-844-SDD-RLB

SEDONA CORPORATION

## RULING

This matter comes before the Court on the *Motion to Establish Amount of Attorneys' Fees, Costs and Expenses Due in Connection with Final Judgment*[1] filed by Plaintiff, Oak Harbor Investment Properties, LLC ("Oak Harbor").  Defendant Sedona Corporation ("Sedona") filed an *Opposition*[2] indicating that it does not dispute Oak Harbor's entitlement to fees and costs but challenges the reasonableness of the attorneys' fees sought. For the following reasons, Oak Harbor's *Motion* will be GRANTED.

### I.    Background

In 2015, Oak Harbor extended a loan to Sedona, as evidenced by a promissory note.[3] The original principal amount was $1,931,451.73, plus 8% interest annually.[4] Sedona executed a security agreement in connection with the loan, granting Oak Harbor an interest in certain collateral.[5] The promissory note provided that Sedona was obligated to pay all principal and interest owed on or before January 1, 2016.[6] Sedona did not pay. As a result of Sedona's default, Oak Harbor retained McGlinchey Stafford, PLLC

---

[1] Rec. Doc. No. 23.
[2] Rec. Doc. No. 24.
[3] Rec. Doc. No. 23-2.
[4] *Id.*
[5] Rec. Doc. No. 23-3.
[6] Rec. Doc. No. 23-2, p. 1.

("McGlinchey") to enforce its rights and remedies. Oak Harbor avers that from September through December 2020, McGlinchey attempted to negotiate a resolution through discussions with Sedona's representative.[7] When those negotiations failed, Oak Harbor filed a *Complaint* in this Court.[8] On March 12, 2021, Oak Harbor filed a *Motion for Summary Judgment*.[9] Sedona did not file an opposition, and the Court entered a ruling granting the motion and allowing Sedona to file a response. On May 13, 2021, Sedona filed a *Notice of No Opposition to the Motion for Summary Judgment,* noting that it reserved its rights to object to the amount of any requested attorneys' fee award.[10] *Final Judgment* was entered in Oak Harbor's favor on August 10, 2021.[11] Now before the Court is Oak Harbor's *Motion to Establish Amount of Attorneys' Fees, Costs and Expenses Due in Connection with Final Judgment*.[12] The parties agree that the promissory note entitles Oak Harbor to attorneys' fees. The question is: how much?

## II.    Attorneys' Fees

Oak Harbor seeks attorneys' fees in the amount of $27,820.[13] This figure reflects "an approximately 15% reduction in the actual fees amount incurred," which was $32,820.10 for 71.5 hours of attorney time.[14]  Oak Harbor avers that, after making that 15% reduction, the "effective blended rate" among the four attorneys who billed on this matter is $389/hr.[15] Setting aside that "blended rate," the Court notes that the actual hourly rates billed were $595 per hour (by partner Rudy J. Aguilar); $535 per hour (by

---

[7] Rec. Doc. No. 23-1, p. 4.
[8] Rec. Doc. No. 1.
[9] Rec. Doc. No. 15.
[10] Rec. Doc. No. 19.
[11] Rec. Doc. No. 21.
[12] Rec. Doc. No. 23.
[13] Rec. Doc. No. 23-1, p. 2.
[14] *Id*.
[15] *Id*.

partner Richard A. Aguilar); $475 per hour (by partner Marshall Grodner); and $345 per hour (by associate Mark Chaney).[16] Oak Harbor does not explain why this "blended rate" approach is appropriate or helpful in this case, nor does it cite cases where Courts have approved of such an approach.

Oak Harbor attaches counsel's billing records for this matter and an *Affidavit* by Mark J. Chaney, III ("Chaney"), wherein Chaney declares that he is an attorney with McGlinchey Stafford, PLLC and that he is counsel of record for Oak Harbor in this matter. Chaney presents the amounts charged to Oak Harbor for the specific actions taken in pursuit of this claim.  The *Affidavit* further sets forth the years of practice by each billing attorney and the actions they took in this case.

In the Fifth Circuit, the "lodestar" method is used to calculate reasonable attorneys' fees.[17]  The "lodestar" analysis involves a two-step procedure.[18]  Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers.  Then, the court must multiply the reasonable hours by the reasonable hourly rates.[19]  The product is the "lodestar," which the court either accepts or adjusts upward or downward, depending on the circumstances of the case, assessing the factors set forth in *Johnson v. Georgia Highway Express, Inc.*[20]

A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.[21]

---

[16] Rec. Doc. No. 23-1, p. 9-10.
[17] *In re Fender,* 12 F.3d 480, 487 (5th Cir.1994), *cert. denied*, 511 U.S. 1143 (1994).
[18] *Louisiana Power & Light Company v. Kellstrom*, 50 F.3d 319, 323-324 (5th Cir.1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).
[19] *Id.* at 324.
[20] 488 F.2d 714, 717–19 (5th Cir.1974).
[21] *Hopwood v. State of Texas*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S.  at 436–37.

To determine a reasonable fee, a court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.[22] The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation."[23]

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.[24]  The party seeking the fee bears the burden of proof on this issue.[25]

The Court begins by determining whether the number of hours claimed by Oak Harbor's attorneys is reasonable.[26]  Local Rule 54 provides specific guidance regarding how this burden is met, stating: "the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of the services performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof."[27]  "Where the documentation of hours is

---

[22] *Hensley*, 461 U.S. at 437–39; *Associated Builders & Contractors v. Orleans Parish School Board,* 919 F.2d 374, 379 (5th Cir. 1990).

[23] *Brantley v. Surles*, 804 F.2d 321, 325–26 (5th Cir.1986).

[24] *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Associated Builders & Contractors,* 919 F.2d at 379; *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir.1998); *Kellstrom*, 50 F.3d at 324.

[25] *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom,* 50 F.3d at 324.

[26] *Migis*, 135 F.3d at 1047.

[27] M.D. La. LR54(b).

inadequate, the district court may reduce the award accordingly."[28] The Court must also determine if the hourly rates of $595 per hour (for partner Rudy J. Aguilar); $535 per hour (for partner Richard A. Aguilar); $475 per hour (for partner Marshall Grodner); and $345 per hour (for associate Mark Chaney) are reasonable given counsels' ability, competence, experience, and skill.  An attorney's reasonable hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[29]  Oak Harbor cites a bevy of case law on customary rates in the Eastern District, noting that McGlinchey Stafford has an office in New Orleans; two of the four billing attorneys on this matter work in New Orleans, the other two in Baton Rouge.

The prevailing rates in the Eastern District are of limited value to the Court here, since the Fifth Circuit has emphasized that "the relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits."[30] Oak Harbor cites one Middle District case – *Capitol City Produce Co. v. Sammy's Holdings*[31] -- where this Court approved hourly rates of $425/hr, $400/hr, and $300/hr.[32] Oak Harbor further cites a survey from the National Law Journal demonstrating that firms with offices in Baton Rouge and New Orleans charged 2014 hourly rates ranging from $200 - $465 per hour for associates and $275 - $650 per hour for partners.[33]

---

[28] *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996) (quotation marks omitted); *see also Kellstrom*, 50 F.3d at 324 ("[A] district court may reduce the number of hours awarded if the documentation is vague or incomplete.").
[29] *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see also Leroy v. City of Houston*, 906 F.2d 1068, 1078–79 (5th Cir.1990) ("In evaluating an attorneys' fees award, we are guided by the overriding principles that a reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys ...." (quotation marks and alterations omitted)).
[30] *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quotation marks omitted).
[31] 2020 WL 6938814 at *9 (M.D. La. Nov. 25, 2020).
[32] *Id*.
[33] Rec. Doc. No. 23-1, p. 13, n. 19.

Because its "blended rate" of $389 per hour is within this range, Oak Harbor requests that the Court find that rate to be reasonable and appropriate.

While the information provided by Oak Harbor about prevailing rates in the community is somewhat scant, the Fifth Circuit has recognized that "the district court is itself an expert in assessing these matters."[34] Here, the Court finds that an overall rate of $389 is reasonable in light of the fact that three of the attorneys on this matter have more than thirty years' experience in civil litigation. The lodestar amount, therefore, is $27,820, representing 71.5 hours of attorney time at the blended rate.

After making the lodestar calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*[35] The twelve *Johnson* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.[36]

Oak Harbor argues that this case was "distinct" for several reasons, including "difficulty in locating and serving the defendant."[37] That particular assertion does not appear to be supported by the record. The *Complaint* was filed on December 15, 2020, with multiple summonses as to Sedona entered into the record between December 16th and 28th (with various minor typographical changes and a change to the address given

---

[34] *Davis v. Bd. of Sch. Comm'rs of Mobile Cty.*, 526 F.2d 865, 868 (5th Cir. 1976) (citations omitted).
[35] 488 F.2d 714, 717–19 (5th Cir. 1974).
[36] *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974).
[37] Rec. Doc. No. 23-1, p. 11.

for Sedona, which appears to have been mistakenly entered as "LA" instead of "PA" initially).[38] A signed *Waiver of Service* was docketed on January 8, 2021.[39] The Court notes that the delay was not especially prolonged and that typically, service of process is an issue that occupies the time of ancillary or support staff, or an investigator, but not significant attorney time.

On the other hand, the "extended pre-litigation negotiations regarding a potential resolution of the claims"[40] Oak Harbor refers to does appear to be borne out by the detailed billing summaries submitted (though, query why it was so difficult to locate and serve Sedona in light of their apparently well-established relationship). Although Oak Harbor's attorneys had to draft the *Complaint* and a *Motion for Summary Judgment*, that *Motion for Summary Judgment* was unopposed, legally uncomplicated, and only thirteen pages long. There are only 24 total record documents in the case. Thus, the Court is somewhat skeptical of Oak Harbor's assertion that this case presented distinct difficulty or complexity. The legal questions involved were straightforward: Sedona failed to pay the amounts it owed Oak Harbor pursuant to a promissory note. After a demand letter and negotiations between the parties, suit was filed and judgment ultimately entered in Oak Harbor's favor after Sedona did not oppose summary judgment.

Sedona cites *Jamison Door Company v. Southeast Material Handling, LLC*[41] as a useful comparator. In Jamison, this Court found that a reduction in the fees sought was appropriate because the case "presented only a simple collection matter . . . no court appearances were ever made or required, and Plaintiffs have been awarded a default

---

[38] Rec. Doc. No 1; Rec. Doc. Nos. 2, 3, 4, 5, 6, 7.
[39] Rec. Doc. No. 9.
[40] Rec. Doc. No. 23-1, p. 11.
[41] 2017 WL 4387377 (M.D. La. Oct. 3, 2017).

judgment after presenting a case that has never been contested. Further, there is nothing complicated or intricate about the law or facts of this case; indeed, the facts are straightforward."[42] The instant case was arguably more involved and required more time than the case at issue in *Jamison*, but some elements are analogous. Apart from a telephone scheduling conference, no court appearances were required in this case, and although it was not resolved by default judgment, as previously mentioned, the judgment was issued after Sedona indicated its lack of opposition to the *Motion for Summary Judgment*.

Redaction of the bills is another issue. "Redaction of billing records is acceptable so long as the court has sufficient information to form an opinion on the reasonableness of the fees."[43] Some courts have held that "[r]edacted entries must be excluded if they do not provide sufficient information to classify and evaluate the activities and hours expended."[44] Some of the defendants' entries fall into this category; dozens of McGlinchey's billing descriptions read (after redaction) only "Analyze. . .", "Consider. . ." or "Review. . .". Redaction is a common practice to protect work product and strategy. However, without adequate description, the Court is unable to analyze the alleged novelty and difficulty of the case, the skill needed to perform the required legal services, and so on. In short, the redaction, while understandable, interferes with Oak Harbor's ability to establish its entitlement to the full requested amount of attorneys' fees.

Overall, the Court concludes that the number of hours expended by McGlinchey

---

[42] *Jamison Door Co. v. Se. Material Handling, LLC*, No. CV 16-778-SDD-EWD, 2017 WL 4387377, at *6 (M.D. La. Oct. 3, 2017).

[43] *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 800 (S.D. Tex. 2009).

[44] *Id.* See also *Heck v. Triche*, 601 F. App'x 239, 242 (5th Cir. 2015)(court affirmed reduction in attorneys' fee award where [t]he district court credited only the hours for which there was adequate documentation").

attorneys as reflected in the bills was not grossly unreasonable, but that some downward adjustment is appropriate in light of the relatively straightforward resolution of the case. Accordingly, the Court will reduce the total hours from 71.5 to 55, which, at the "blended rate" of $389 results in total attorneys' fees of $21,395.00. Having determined the "lodestar" reasonable hourly rates and hours for the billing attorneys, and after consideration of the *Johnson* factors, the Court finds that an attorneys' fee award in the amount of $21,395.00 is reasonable.

In accordance with Local Rule 54(a), the Court will refer the matter of costs and expenses to the Clerk of Court's Office.

## III.   Conclusion

Accordingly, **IT IS ORDERED** that the *Motion to Establish Amount of Attorneys' Fees, Costs and Expenses Due in Connection with Final Judgment*[45] filed by Oak Harbor is **GRANTED** and that Defendant Sedona shall pay to Oak Harbor the sum of $21,395.00 in reasonable attorney's fees.

Signed in Baton Rouge, Louisiana, on <u>March 9, 2022</u>.


_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[45] Rec. Doc. No. 23.